UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEMETRIUS WALKER,

    Plaintiff,

v.           Case No. 23-C-1420

MILWAUKEE COUNTY, DENITA BALL,
CHANTELL JEWELL, and JOHN/JANE DOE,

    Defendants.

# SCREENING ORDER

Plaintiff Demetrius Walker, who is currently incarcerated at the Milwaukee County Community Reintegration Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On January 25, 2024, the Court screened the complaint and gave Walker the opportunity to file an amended complaint, which he did on February 23, 2024. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

## SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim

under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

### ALLEGATIONS OF THE AMENDED COMPLAINT

According to Walker, he was arrested and booked into the Milwaukee County Jail on September 23, 2023. At that time, he informed medical staff that he suffered from epilepsy and needed his medication (200mg of Kaprun). Walker asserts that the nurse informed him the jail did not have that medication but would try to get it. Walker asserts that a couple days later, he had a severe seizure, but still no medication was provided. On September 29, 2023, Walker was transferred to the Center, where he informed medical staff of his condition and need for medication. Walker asserts that, despite his condition, he was assigned an upper bunk. A couple weeks later, he had a seizure and fell out of his bunk. He asserts that he hit a locker on his way down and broke a rib. Walker explains that he was sent to the hospital for treatment. Dkt. No. 12 at 2-3.

According to Walker, during the following months, he had multiple seizures. Walker asserts that he was finally given medication in early January 2024. A few weeks later, he had another seizure and was informed by medical staff that his medication needed to be increased from 200mg to 1000mg. Walker explains that he has been epileptic his entire life and has never had so many seizures or required a dosage higher than 200mg. Walker also asserts that officers are not properly trained to handle inmates who experience seizures. He states that, while officers respond while he is having a seizure, they are not allowed to touch him and must wait for medical staff.

He asserts that everyone knows that a person having a seizure should be placed on his side so the person does not choke to death. Dkt. No. 12 at 4-5.

### THE COURT'S ANALYSIS

It appears that Walker was a pretrial detainee at the relevant time, so claims relating to his medical care would arise under the Fourteenth Amendment. Under *Miranda v. Cty. of Lake*, such claims are subject only to the objective unreasonableness standard. 900 F.3d 335, 352 (7th Cir. 2018). Thus, for Walker to state a claim, the Court must be able to reasonably infer that a defendant "acted purposefully, knowingly, or perhaps even recklessly when [he] considered the consequences of [his] handling of [plaintiff's] case" and that the challenged conduct was objectively unreasonable. *McCann v. Ogle Cty., Ill.*, 909 F.3d 881, 886 (7th Cir. 2018) (citations omitted).

To be sure, the delay Walker experienced in receiving his epilepsy medication is troubling. But it is not clear from Walker's amended complaint why he did not promptly receive his medication (especially in light of allegations that others at the Center were receiving the same medication) or who was responsible for the delay. Walker asserts that he informed medical staff of his condition when he was transferred to the Center, but it is not clear whether he later raised his concerns about not receiving his medication. On occasion, Walker refers to medical staff generally in his amended complaint, but the Court cannot reasonably infer that every staff member knew Walker was epileptic, knew Walker needed his medication, was responsible for ordering and/or dispensing his medication, and delayed providing it to him. Under §1983 only those providers who were personally involved in the alleged constitutional violation are liable as there is no vicarious liability under §1983. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Without allegations setting forth who Walker spoke or wrote to about his condition (Walker

3

Case 2:23-cv-01420-WCG   Filed 03/14/24   Page 3 of 6   Document 13

may use a John/Jane Doe placeholder if he does not know the name of a particular person), what he said to that person, when he said it, and how that person responded (or failed to respond), Walker's complaint fails to provide adequate notice of what a particular medical provider did or did not do to violate his constitutional rights.

Walker also does not state a claim against Milwaukee County Sheriff Denita Ball or Superintendent Chantell Jewell based on their roles as supervisors. Walker does not allege that either of them knew he was not receiving his medication. In fact, he does not mention either of them at all in the body of his amended complaint. The doctrine of *respondeat superior* cannot be used to hold a supervisor liable for the misconduct of a subordinate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The only time a supervisor will be held liable for a subordinate's misconduct is if the supervisor directs or consents to the misconduct. For example, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye" for fear of what they might see. *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988)). "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Jones*, 856 F.2d at 992. The mere fact that Sheriff Ball oversees operations at the jail and Superintendent Jewell oversees operations at the Center is not, on its own, sufficient for Walker to state a claim against them under §1983.

Finally, Walker does not state a claim against Milwaukee County. Walker alleges that "it is common knowledge that Milwaukee County . . . is responsible for the day to day operations of the Milwaukee County Jail and the Community Reintegration Center." Dkt. No. 12 at 2. But, again, a defendant cannot be held liable under §1983 on a *respondeat superior* theory. *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 692 (1978). Walker also alleges that Milwaukee County has a policy requiring officers to wait until medical staff arrives before

4

addressing an inmate's seizure. But Walker does not allege that he has been harmed by this policy. *See Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011). Further, Walker's allegations regarding this policy are too vague to state a claim. It appears that the policy requires corrections staff to immediately contact medical staff and then wait with the inmate until medical staff arrives. Nothing in Walker's description of the policy suggests that officers are precluded from intervening should a life-threatening situation develop before medical staff arrives.

One last observation. Walker initiated this lawsuit on October 25, 2023, and filed his amended complaint naming new defendants and asserting different claims on February 23, 2024. According to the amended complaint, Walker was without his medication from late September through early January 2024. In light of this timing, it is not clear whether Walker exhausted the available administrative remedies, as required by 42 U.S.C. §1997e(a). A failure to exhaust administrative remedies is an affirmative defense, *Jones v. Bock*, 549 U.S. 199, 211–12 (2007), so the Court need not resolve that issue now. But if Walker has not completed the grievance process, his lawsuit may be subject to dismissal. *See Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

The Court will give Walker one final opportunity to state a claim. If he wants to proceed with this lawsuit, he will need to file a second amended complaint by **April 12, 2024**, that cures the deficiencies identified in this decision. Walker should be clear about who he talked/wrote to about his condition (using Doe #1, Doe #2, etc., as placeholders where necessary), when he talked/wrote to that person, what he said/wrote, and how that person responded (or did not respond). Walker is advised that the second amended complaint will replace the prior complaints, so it must be complete in itself without reference to the prior complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If a second

amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If a second amended complaint is not received, the Court will dismiss this case based on Walker's failure to state a claim in his amended complaint.

**IT IS THEREFORE ORDERED** that on or before **April 12, 2024**, Walker may file a second amended complaint curing the defects in the original complaint as described in this decision. If the Court does not receive a second amended complaint by the deadline, it will dismiss this case based on Walker's failure to state a claim in the amended complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Walker a blank prisoner amended complaint form.

Dated at Green Bay, Wisconsin this 14th day of March, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge